Jose De Jesus Arias MARINERO, Petitioner,

v.

Loretta E. LYNCH, Attorney General, Respondent.

No. 14-71409

United States Court of Appeals, Ninth Circuit.

Submitted September 13, 2016 *

Filed September 19, 2016

Jose De Jesus Arias Marinero, Pro Se

Manuel Palau, DOJ—U.S. Department of Justice Civil Division/Office of Immigration Litigation, Washington, DC, for Respondent

Before: HAWKINS, N.R. SMITH, and HURWITZ, Circuit Judges.

** This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36–3.

* The panel unanimously concludes this case is

## MEMORANDUM **

Jose De Jesus Arias Marinero, a native and citizen of El Salvador, petitions pro se for review of the immigration judge's ("IJ") determination under 8 C.F.R. § 1208.31(a) that he did not have a reasonable fear of persecution or torture and thus is not entitled to relief from his reinstated removal order. We have jurisdiction under 8 U.S.C. § 1252. We review for substantial evidence the agency's factual findings, *Andrade–Garcia v. Lynch*, 828 F.3d 829, 833–34 (9th Cir. 2016), and we review de novo due process claims, *Colmenar v. INS*, 210 F.3d 967, 971 (9th Cir. 2000). We deny the petition for review.

We reject Arias Marinero's contentions that the IJ's review was deficient and a violation of due process, *see Lata v. INS*, 204 F.3d 1241, 1246 (9th Cir. 2000) (requiring error to prevail on a due process claim), and his contention that he was stripped of a right to appeal.

Substantial evidence supports the IJ's conclusion that Arias Marinero failed to establish a reasonable possibility of future persecution on account of a protected ground. *See* 8 C.F.R. § 1208.31(c); *Parussimova v. Mukasey*, 555 F.3d 734, 740 (9th Cir. 2009) (the REAL ID Act "requires that a protected ground represent 'one central reason' for an asylum applicant's persecution"); *Molina–Morales v. INS*, 237 F.3d 1048, 1051–52 (9th Cir. 2001) (personal retribution is not persecution on account of a protected ground); *Zetino v. Holder*, 622 F.3d 1007, 1016 (9th Cir. 2010) ("An alien's desire to be free from harassment by criminals motivated by theft or random violence by gang members bears no nexus to a protected ground.").

Substantial evidence also supports the conclusion that Arias Marinero failed to establish a reasonable possibility of future torture by the government of El Salvador or with its consent or acquiescence. *See* 8 C.F.R. § 1208.31(c); *Silaya v. Mukasey*, 524 F.3d 1066, 1073 (9th Cir. 2008).

## PETITION FOR REVIEW DENIED.

** This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36–3.

* The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).